RONALD STRINGER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stringer v. Commissioner
Docket No. 40518-85.
United States Tax Court
T.C. Memo 1987-43; 1987 Tax Ct. Memo LEXIS 43; 52 T.C.M. (CCH) 1470; T.C.M. (RIA) 87043; January 20, 1987. Ronald Stringer, pro se. Mary Corrigan Gorman, for the respondent. WILLIAMS
MEMORANDUM OPINION WILLIAMS, Judge: The Commissioner determined a deficiency in petitioner's Federal income tax and additions to tax for the taxable year 1982 as follows: Additions to Tax
Deficiency
Section 6651(a)(1) [1]
Section 6653(a)(1)
Section
Section 6654(a)
6653(a)(2)
$7,882.00
$1,784.75
$394.10
*
$678.18
This case is before the Court on respondent's motion for summary judgment pursuant to Rule 121. [2]
*44 Petitioner, Ronald Stringer, resided at Arnold, Maryland when he filed his petition in this case. Petitioner concedes that he failed to file a Federal income tax return for the taxable year 1982. Respondent issued his notice of deficiency on August 5, 1986. Petitioner filed his petition with this Court on November 5, 1986, contending that the notice of deficiency is invalid because respondent lacks the statutory authority under section 6201(a) to issue a notice of deficiency when no return has been filed. On November 17, 1986 respondent filed his motion for summary judgment. In support of that motion, respondent asserts that there is no genuine issue as to any material fact set out in the notice of deficiency, that petitioner raises no genuine issue as to any material fact in his petition, and that petitioner has not set forth any facts to show that he is not liable for the additions to tax determined in the notice of deficiency. This Court ordered petitioner to file a response to respondent's summary judgment motion, including specific objections to any of the facts stated therein, on or before December 19, 1986. Petitioner failed to respond to our order. We, therefore, *45 find no material fact to be in controversy. Rule 121 provides that either party may move for summary judgment on all or any part of the legal issues in controversy and that the motion shall be granted if "there is no genuine issue as to any material fact and * * * a decision may be rendered as a matter of law." In reviewing a motion for summary judgment we must view all of the facts and any inferences drawn therefrom in the light most favorable to the party opposing the motion. . Petitioner has not contested any of respondent's determinations as set forth in the notice of deficiency. Petitioner's sole argument in his petition is that respondent lacks the statutory authority to issue a notice of deficiency because he did not file a Federal income tax return. That argument is frivolous and has been previously disposed of by this Court. See . The Court may, pursuant to section 6673, impose damages on its own motion. It is clear that this case was instituted primarily for delay and that petitioners' sole argument is frivolous. Either ground is sufficient *46 for imposing damages pursuant to section 6673. Petitioners have previously litigated in this Court deficiencies and additions to tax resulting from their failure to file income tax returns for 1979, 1980 and 1981. , affd. without published opinion . In that case we found the taxpayers' arguments to be frivolous and specifically designed to prevent any meaningful resolution of their case. Thus, petitioner has been well admonished not to pursue frivolous positions in this Court and not to bring cases designed to delay. We, therefore, award damages to the United States in the amount of $5,000.00 pursuant to section 6673. An order granting respondent's motion for summary judgment and decision for respondent will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue. ↩
*. 50 percent of the interest due on $7,882.00. ↩
2. All Rule references are to the Tax Court Rules of Practice and Procedure.↩